IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

HENRY LAMBOY, a/k/a Carlos Rivera,[1]

                      Plaintiff,

    v.                              Civil Action No.
                                      9:04-CV-0205 (DNH/DEP)

OFFICER LAYHEE, *et al.*,

                      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| HENRY LAMBOY, *Pro Se* | |
| FOR DEFENDANTS: | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Room 218<br>Albany, NY 12207-2924 | BARBARA D. COTTRELL, ESQ.<br>Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

---

[1] While plaintiff commenced this action under the name of Henry Lamboy, both the Federal Bureau of Prisons inmate locator database and legal mail returned to the court reflects his name as Carlos Rivera. *See* October 7, 2004 Order (Dkt. No. 8) at 1, n. 1.

REPORT AND RECOMMENDATION

Plaintiff Henry Lamboy, a former federal prison inmate who is proceeding *pro se*, and who apparently is also known as Carlos Rivera, has commenced this action against three corrections employees stationed at the Ray Brook Federal Correctional Institution ("FCI Ray Brook") alleging violation of his civil rights.[2]  Plaintiff's claims stem principally from an incident which occurred on August 27, 2003 when he was allegedly assaulted by Corrections Officers Layhee and Sherman while being taken to the shower.  Plaintiff's complaint also asserts that he was denied adequate medical treatment for the injuries sustained during the course of that assault.  As relief, plaintiff seeks both monetary damages and equitable relief sufficient to ensure that similar acts are not committed in the future.

Subsequent to the commencement of this action, plaintiff was apparently released from federal custody, and thereupon provided the court with a Bronx, New York residential address for use in communicating with him.  Correspondence sent by the court to that address, however, was returned as undeliverable.  The court has since

---

[2]  Plaintiff's action is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

2

endeavored to gauge the level of plaintiff's interest in pursuing his claims, and is now convinced by plaintiff's inaction that he does not intend to vigorously prosecute his claims. In light of plaintiff's failure to comply with this court's local rules, including the requirements that the court and counsel be notified of any change of address, despite a prior reminder from the court regarding the importance of doing so, and to properly oppose defendants' pending dispositive motion, I recommend that plaintiff's complaint be dismissed.

I.   BACKGROUND

Plaintiff commenced this action on February 26, 2004. Dkt. No. 1. Following its filing, plaintiff's complaint was forwarded to District Judge David N. Hurd for a determination of its compliance *vel non* with the applicable pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. That review resulted in the issuance of an order on March 19, 2004, finding that plaintiff's complaint was not in conformity with the governing requirements, and directing the filing by the plaintiff of an amended complaint within thirty days of the date of the order.[3] Dkt. No. 2.

---

[3]   The copy of the March 19, 2004 order which was sent to the plaintiff at the FCI Ray Brook address given by him at the outset was returned to the court as undeliverable. Dkt. Nos. 3, 4.

3

Plaintiff's subsequent failure to comply with that directive resulted in the entry of an order dismissing the action. Dkt. No. 5.

The dismissal of the action prompted plaintiff's filing on October 4, 2004 of a motion for relief from the judgment. Dkt. No. 7. In support of that request, plaintiff noted that he did not receive the March 19, 2004 order, and thus effectively had no opportunity to submit an amended complaint to cure the perceived deficiencies.[4] *See* Dkt. No. 7. Based upon plaintiff's motion, and to avoid any potential miscarriage of justice, District Judge Hurd issued an order dated October 7, 2004, vacating the entry of judgment dismissing plaintiff's complaint and restoring the case to the court's active docket. Dkt. No. 8. That order, significantly, reminded plaintiff of the requirement "to promptly notify the Clerk's Office, in writing, of any change in [his] address" and pointed out that his "failure to do same will result in the dismissal of this action." *See* October 7, 2004 order (Dkt. No. 8) at 2, n. 2.

On May 26, 2005 the court received and filed a notice of change of address from the plaintiff; that notice reflected his new address as 1455

---

[4] A notice of change of address submitted by the plaintiff, indicating his transfer to the Schuylkill Federal Correctional Institution ("FCI Schuylkill"), was eventually filed by him on September 15, 2004, the day before the entry of judgment. *See* Dkt. No. 6.

4

<a>
</a>
<b>
</b>

Walton Avenue, Apt. 1, No. 1-I, Bronx, New York 10452. Dkt. No. 15. At least one order subsequently issued by the court on July 7, 2005, *see* Dkt. No. 16, was forwarded to the plaintiff at that address, with apparent success.

Following the joinder of issue, the three defendants named in plaintiff's complaint moved on October 13, 2005 seeking dismissal of plaintiff's complaint for failure to state a cause of action or, alternatively, for summary judgment. Dkt. No. 27. Defendants' motion seeks dismissal both on the procedural basis of plaintiff's alleged failure to exhaust available, administrative remedies before commencing suit, as required under 42 U.S.C. § 1997e, and on the merits on a variety of grounds.

On November 29, 2005 the court clerk sent a notice to the plaintiff at his listed address, directing him to submit opposition papers on or before December 29, 2005, and additionally to confirm the validity of the 1455 Walton Avenue address listed in the docket sheet. *See* Dkt. Entry dated 11/29/2005. That letter was prompted by both plaintiff's failure to respond to the motion and the fact that a letter order issued on October 11, 2005, at the request of defendants' counsel, seeking permission to file an oversized brief was forwarded to the plaintiff at his Bronx, New York

5

address, but returned as undeliverable. *See* Dkt. Nos. 26, 28.

The court clerk received a letter from the plaintiff on December 29, 2005 confirming that his mailing address is 1455 Walton Avenue, Apt. 1-I, Bronx, New York 10452, although indicating that he was currently an in-patient at a drug and alcohol rehabilitation center in Port Jervis, New York. *See* Dkt. No. 30. In that communication, Lamboy also advised the court that he had not received defendants' summary judgment motion papers. Accordingly, I issued an order on December 29, 2005 directing defendants' counsel to provide an additional copy of their motion, and requiring the plaintiff to respond to that motion on or before February 6, 2006.[5] Dkt. No. 30. Despite that extension, plaintiff has failed to submit any opposition to defendants' motion.

II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute his or her claims. Fed. R. Civ. P. 41(b); *Link v. Wabash RR Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 1388-90

---

[5] It appears from the court's records that defendants did in fact promptly re-serve their motion papers by mailing sent to the plaintiff at the Port Jervis, New York rehabilitation center address indicated in his letter. *See* Dkt. No. 29.

(1962); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J. & Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666. 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. & Hurd, M.J.); *see also* N.D.N.Y.L.R. 41.2(b). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1389; *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1.

In this case, the record establishes that Lamboy was pointedly made aware of the court's requirement concerning address changes; the order which vacated the entry of judgment and revived plaintiff's claim early on in the case specifically alerted him of the obligation to promptly notify the clerk's office of any change of address, and warned that his failure to do so would result in dismissal of the action. Dkt. No. 8, at 2, n. 2. While plaintiff has previously acknowledged and complied with this important requirement by twice providing notice of an address change, the most recent address given has not proven to be wholly effective, having resulted in at least one instance of returned mail from the court.

In addition to failing to properly notify the court and counsel of changes of his address, plaintiff has failed to comply with the local rules

7

which require either that a party notify the court that he or she does not oppose a pending motion, or the submission of opposition papers. *See* N.D.N.Y.L.R. 7.1(b)(3). Addressing such a failure, the local rules provide that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3). More significantly, plaintiff's failure to comply with the important requirement of notifying the court of whether defendants' motion is opposed, in tandem with his other failures to comply with the court's local rules and the applicable Federal Rules of Civil Procedure, provides a basis for the court to exert its authority under Rule 41 of the Federal Rules of Civil Procedure, as well as its inherent authority, to impose the ultimate sanction of dismissal. *See generally Carmona v. Wright*, No. 9:02-CV-884, Dkt. No. 72 (N.D.N.Y., Jan. 25, 2006).

As is indicated under Local Rule 7.1(b)(3), plaintiff's failure to respond to defendants' motion could result in a court reviewing it for facial sufficiency and, in the event of a finding that it is potentially meritorious,

8

the granting of the relief sought. The court believes, however, that the endeavor of addressing the merits of defendants' various arguments in support of their request for dismissal would be an improvident use of judicial resources, and that the court's time would be better expended in addressing the backlog of cases brought by truly interested plaintiffs who by their actions demonstrate an intent to vigorously pursue their claims, in contrast to plaintiff's manifest disinterest in the prosecution of this action.

In light of his failures to notify the court and defendants' counsel of the address in which he can be reached, and to properly oppose defendants' motion, I find that plaintiff has failed to fulfill his burden of diligently prosecuting this action. I therefore recommend that plaintiff's complaint be dismissed under Rule 41 of the Federal Rules of Civil Procedure and the rules of this court. Fed. R. Civ. P. 41(b); N.Y.N.D.L.R. 10.1(b), 41.2; *Link*, 370 U.S. at 633, 82 S. Ct. at 1390; *see also*, *e.g.*, *Williams*, 1998 WL 278288, at *1-*2; *Moshier*, 1998 WL 167298, at *1-*2.

### III.   SUMMARY AND RECOMMENDATION

It is readily apparent from a review of the docket sheet and relevant portions of the record that plaintiff was advised of, but has failed to comply with, this court's requirement that he notify counsel and the court promptly

9

of any change of his address. Plaintiff has further failed, despite ample opportunity from the court, to respond to defendants' pending dispositive motion seeking dismissal of his claims. Plaintiff's failure to satisfy these requirements adequately evidences both his noncompliance with the court's rules and, more significantly, his disinterest in pursuing the claims contained within his complaint, thereby providing a proper basis for dismissal of the proceeding.

Based upon the foregoing, it is hereby

RECOMMENDED, that plaintiff's complaint in this action be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated: February 10, 2006
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\local rules\change of address\lamboy.wpd